1 Family of McCandlish Trust          Pro Per Sui Juris
2 2700 Caples Avenue
3 Vancouver. Washington. 98661-9998.
4 Grantors Office
5 (360) 634-2299 phone
6 (360) 634-2331 fax
7 grantor1drop@pm.me

8 _____
9
10

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

13
14 Victoria Diane McCandlish,                Case No. 3:25-cv-05851-GJL
15                 Plaintiff,
16
17          vs.
18
19 WASHINGTON STATE PATROL;
20 Officer Chad Prentice #0567,
21 Sergeant Justin Maier;
22 Chief John R. Batiste;
23 OFFICE OF RISK MANAGEMENT;
24 Douglas Green;
25 State Treasurer, Mike Pellicciotti;
26 Bureau of Justice Assistance,
27 Acting Director Tammie Gregg
28                 Defendants.

```
    FILED _____ LODGED
           _____ RECEIVED
    SEP 2 2 2025
    CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                             DEPUTY
```

29
30
31                      **VERIFIED COMPLAINT**
32         (Tortious conduct pursuant to U.S.C. Sec. 1981 et seq. RCW 4.92.160 42)
33                         JURY TRIAL DEMANDED
34
35 **NOW COMES:** Victoria Diane McCandlish ("Plaintiff"), a private woman, pro per sui juris, and

36 one of the people of the sovereign state of Washington, retaining all rights, liberties, and

37 protections secured by the Constitution of the United States and the Washington State

38 constitution, and files this Verified Complaint against the above-named ("Defendants"). This

39 civil action is brought for redress of constitutional violations, unlawful citations, and tortious

40 conduct committed under color of law.

41 Plaintiff claims that pursuant to **49 U.S.C. Sec. 1981 et seq.**; RCW 4.92.100 and RCW

42 43.43.090, a written tort claim was filed with the Washington State Office of Risk Management

43 prior to the initiation of this action, thereby satisfying all pre-litigation notice requirements

44 mandated for civil claims against state officers and agencies. [See Exhibit B] Said tort claim

45 arises out of the same facts, conduct, and damages described herein. The Washington State

Patrol, hereafter "WSP", the Office of Risk Management and the Department of the State Treasurer, were duly placed on notice in accordance with statutory procedure.

Plaintiff now invokes this Court's jurisdiction under the U.S. Constitution, **42 U.S.C. sec. 1981-1983**, and applicable federal and state laws, seeking damages and equitable relief for unlawful seizure, deprivation of rights, and tortious misconduct, including trespass, fraud, and negligence committed by state agents in violation of their oaths, constitutional duties, and limits of statutory authority.

## Parties, Jurisdiction & Venue

1. Plaintiff is Victoria Diane McCandlish (formerly Victoria Diane Heacock), domiciled on Vancouver, Washington Republic.
2. Defendant is Officer Chad Prentice of WASHINGTON STATE PATROL.
3. Defendant is Chief John R. Batiste of WASHINGTON STATE PATROL; located at 11018 NE 51st Circle, Vancouver, WA 98682.
4. Defendant is Sergeant Justin Maier of WASHINGTON STATE PATROL; located at 11018 NE 51st Circle, Vancouver, WA 98682.
5. Defendant is Douglas Green of OFFICE OF RISK MANAGEMENT; located at 106 11th Avenue SW, Olympia, WA 98501.
6. Defendant Mike Pellicciotti as State Treasurer is the state's chief financial officer, located at 106 11th Avenue SW, Olympia, WA 98501.
7. Defendant is acting Director Tammie Gregg of Bureau of Justice Assistance, located at U.S. Department of Justice, 999 N. Capitol Street, NE, Washington D.C. 20531.

## COUNT I
## LACK OF DRIVER CAPACITY

8. Title 49 (Part 390) of the United States Code establishes general applicability, definitions, general requirements and information as they pertain to persons subject to Federal Motor Carrier Safety Regulations.
9. The rules in subchapter B of this chapter are applicable to all employers, employees, and commercial motor vehicles that transport property or passengers in interstate commerce.

2

10. The rules in part 383 of this chapter, Commercial Driver's License Standards; Requirements and Penalties, are applicable to every person who operates a commercial motor vehicle, as defined in § 383.5 of this subchapter, in interstate or intrastate commerce and to all employers of such persons.

11. According to Part 390.3(f)(3) Knowledge of and compliance with the regulations.

(1) Every employer shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations.

(2) Every driver and employee involved in motor carrier operations shall be instructed regarding, and shall comply with, all applicable regulations contained in this subchapter.

12. Additionally, in Part 390.3(f)(3) Exceptions.

Unless otherwise specifically provided, the rules in this subchapter do not apply to—
The occasional transportation of personal property by individuals not for compensation and not in the furtherance of a commercial enterprise;

13. Plaintiff is **not** a "person" organized under the federal laws and the laws of the State or any State as statutorily defined.

14. Under RCW 46.32.085 Rules to regulate commercial motor vehicle safety requirements.

(1) The Washington state patrol, in consultation with the department of licensing, shall adopt rules consistent with this chapter to regulate vehicle safety requirements for motor carriers who own, control, manage, or operate a commercial motor vehicle within this state. Except as otherwise provided in this chapter, the rules adopted by the state patrol under this section must be as rigorous as federal regulations governing certain interstate motor carriers at 49 C.F.R. Parts 40 and 380 through 397, which cover the areas of commercial motor carrier driver training, controlled substance and alcohol use and testing, compliance with the federal driver's license requirements and penalties, vehicle equipment and safety standards, hazardous material practices, financial responsibility, driver qualifications, hours of service, vehicle inspection and corrective actions, and assessed penalties for noncompliance. The state patrol shall amend these rules periodically to maintain, to the extent permissible under this chapter, standards as rigorous as the federal regulations governing certain interstate motor carriers. The state patrol shall submit a report to the legislature by December 31st of each year that outlines

1 | new rules or rule changes and explains how the state rules compare to the federal
2 | regulations.

15. Plaintiff, at all times relevant, is a private woman and sentient being not engaged in (meaning not an employee or employer for) any commercial activity requiring licensure or registration under the Federal Laws or the Revised Code of Washington [R.C.W. hereinafter] or any statutory provision governing regulated commerce, whether interstate or intrastate.

16. Plaintiff, not engaged in any activity requiring licensure or registration under R.C.W. Title 46, was unlawfully cited and detained by Officer Chad Prentice, who lacked jurisdictional capacity to act against a private non-commercial traveler.

17. This original and supreme will organizes the government and assigns to different departments their respective powers. It may either stop here or establish certain limits not to be transcended by those departments. See Marbury v. Madison, 5 U.S. 137,176, 177 (1803) - *"an act repugnant to the Constitution is void"*.

18. The Government of the United States is of the latter description. The powers of the Legislature are defined and limited; and that those limits may not be mistaken or forgotten, the Constitution is written.

19. It is emphatically the province and duty of the Judicial Department to say what the law is. Those who apply the rule to particular cases must, of necessity, expound and interpret that rule. If two laws conflict with each other, the Courts must decide on the operation of each.

20. As a direct result of the unconstitutional application of commercial driving statutes to a private traveler, Plaintiff sustained:
   - Constitutional Violations – Infringement of rights under the First, Fourth, Fifth, and Fourteenth Amendments.
   - Emotional Distress – Anxiety and fear caused by unlawful detention and coercion without probable cause.
   - Reputational Harm – Mislabeling as a code violator, damaging Plaintiff's public standing.
   - Loss of Liberty and Property – Interference with travel, seizure, and coercion under color of law.

4

- Economic Injury – Time lost, legal expenses, and related costs.

These harms flow directly from the Washington State Patrol's (WSP) lack of lawful authority to regulate private travel under commercial code.

# COUNT II
# LACK OF WSP AUTHORITY

21. Defendants, as officers of the Washington State Patrol (WSP), are bound by statutory and constitutional limits on enforcement authority, including the duty to regulate only licensed, regulated activities and to uphold the rights of the people.

22. Under R.C.W. 43.43, the WSP is authorized solely to regulate public safety in relation to licensed, regulated activities—not to impose statutory enforcement absent jurisdiction.

23. The WSP Operations Manual, Chapter 1.00.005 ("Core Values and Constitutional Policing"), directs personnel to ensure all enforcement actions align with the Constitution, uphold public trust, and refrain from enforcing policies in a manner that violates constitutional rights, exceeds statutory authority, or undermines public trust.

24. Defendant Chad Prentice took an Oath of Office to support the U.S. Constitution, the Constitution and laws of the State of Washington, and to faithfully and impartially discharge the duties of a WSP officer.

25. The Bureau of Justice Assistance, through Acting Director Tammie Gregg, has a federally mandated oversight duty under the Justice System Improvement Act of 1979 (Public Law 96-157, "29 Act") to ensure that state and local enforcement operates within the limits of federal civil rights laws, especially when receiving federal funds, training, or guidance.

26. Under 15 U.S.C. § 45, unfair or deceptive acts or practices—including those by government agents acting in commerce-like enforcement capacities—are unlawful.

27. Under 18 U.S.C. § 242, it is a federal crime for any person acting under color of law to willfully deprive another of rights secured by the Constitution.

28. Under 42 U.S.C. § 1983, any person acting under color of state law who deprives another of constitutional rights is liable for such deprivation.

29. R.C.W. 46.01.011 expressly limits licensing jurisdiction to regulated professions and activities.

30. Defendant Prentice unlawfully searched private property, detained the Plaintiff, and issued citations under R.C.W. Title 46 absent evidence of commercial use, hazard, or public harm.

31. Defendants enforced R.C.W. 46 against Plaintiff without proof of commercial engagement, thereby acting outside statutory jurisdiction and constitutional limits.

32. Defendants failed to produce evidence of any hazard, public endangerment, or lawful nexus to regulated activity.

33. Defendants presented no offer, consideration, or lawful meeting of the minds sufficient to form a valid contract. Plaintiff has never entered into any contract, license, or adhesion agreement with the STATE OF WASHINGTON or its corporate agencies.

34. The compelled issuance and acceptance of citations constituted involuntary legal entanglement obtained under threat, coercion, and intimidation, violating equitable practices Restatement (Second) of Contracts § 175 and the Fifth Amendment.

35. The misapplication of R.C.W. 46.30.020 the financial responsibility requirements to private, non-commercial travel constitutes a material misrepresentation of legal obligations.

36. Plaintiff experienced trespass upon private rights, psychological distress, reputational harm, and exposure to legal jeopardy under false pretenses.

37. The actions of state and federally funded actors, without oversight correction, created a chilling effect on the exercise of Plaintiff's protected rights.

38. Such conduct invokes the doctrine of trespass ab initio, rendering the entire enforcement action void from the outset.

39. The combined state and federal failures compounded violations of the Plaintiff's rights under the U.S. Constitution and federal civil rights statutes.

40. In accordance with Shuttlesworth v. City of Birmingham, 394 U.S. 147 (1969), any enforcement action making the enjoyment of constitutional freedoms contingent upon an

official's uncontrolled will is unconstitutional and void.

# COUNT III
## UNLAWFUL SEIZURE OF PRIVATE PROPERTY

41. Plaintiff experienced detention, seizure, or arrest made without a signed warrant, probable cause of a crime, or a presentment by a harmed party constitutes false arrest, a violation of 42 U.S.C. 1983 (civil action for deprivation of rights).

42. A warrantless arrest without probable cause or proper judicial oversight violates Fourth Amendment protections and constitutes false imprisonment under both state and federal law *(United States v. Watson, 423 U.S. 411 (1976))*.

43. Defendants detained Plaintiff and seized personal property without legal justification or due process.

44. During the unlawful search, Plaintiff's Silver Dollar Coin was seized –a tangible asset of intrinsic value. Under 18 U.S.C. 641 (theft of public or private property) constitutes conversion and theft under color of law. The outcome violates Plaintiff's Fourth Amendment.

45. Defendants' warrantless search, further seized Plaintiffs private time and liberty by detaining her without lawful cause or just compensation. As a direct result, Plaintiff's Fifth Amendment was violated.

# COUNT IV
## CONSTITUTIONAL DEPRIVATION OF DUE PROCESS

46. Defendants failed to promptly advise Plaintiff of her Miranda rights, instead reading them approximately twenty minutes after the alleged Terry stop—only after placing her in handcuffs and confining her in the back of a police vehicle—thereby violating procedural safeguards and constitutional due process.

47. Plaintiff was subjected to citations and enforcement action without notice, hearing, or sworn complaint. Therefore, the Plaintiff's due process rights were violated, resulting in legal uncertainty and reputational damage.

48. The Plaintiff cannot be charged with failure to appear without first receiving just compensation for my time, energy, and labor. Since pursuant to R.C.W. 9A.76.200(1)(a) A person is guilty of failure to appear or surrender if he or she is released by court order or admitted to bail, has received written notice of the requirement of a subsequent personal appearance before any court of this state or of the requirement to report to a correctional facility for service of sentence, and fails to appear or fails to surrender for service of sentence as required; and (b)(i) Within thirty days of the issuance of a warrant for failure to appear or surrender, does not make a motion with the court to quash the warrant, and if a motion is made under this subsection, he or she does not appear before the court with respect to the motion; or (ii) Has had a prior warrant issued based on a prior incident of failure to appear or surrender for the present cause of which he or she is being held or charged or has been convicted. (2) It is an affirmative defense to a prosecution under this section that uncontrollable circumstances prevented the person from appearing or surrendering, that the person did not contribute to the creation of such circumstances by negligently disregarding the requirement to appear or surrender, and that the person appeared or surrendered as soon as such circumstances ceased to exist. (3) Failure to appear or surrender is: (a) A gross misdemeanor if the person was held for, charged with, or convicted of a felony; or (b) A misdemeanor if the person was held for, charged with, or convicted of a gross misdemeanor or misdemeanor. *See Goldberg v. Kelly, 397 U.S. 254 (1970) See Mathews v. Eldridge, 424 U.S. 319 (1976)*

*49.* Government agents must afford procedural due process before depriving a person of liberty or property. The Plaintiff asserts her rights under 4th and 14th Amendments to not be deprived of life, liberty, or property without due process of law. Any administrative proceedings or fine without proper judicial due process violates these rights. This includes the Office of Risk Management which made a final determination without due

process of law. [see Exhibit C]

50. Washington State maintains a public liability fund for payment of tort claims only after there has been a finding or tortious conduct. A tort is committed when the state was under a legal duty to act in a particular fashion, breaches that duty, and you are injured or undergo a loss as a direct result of the state's breach.

51. Plaintiff received a letter from Douglas Green dated June 4, 2025 stating: "Our review does not support a finding upon which to base any payment, as required under Chapter 4.92 RCW. Using roadways requires properly licensed and insured drivers per applicable laws without exception. Hence, your tort claim against the State of Washington is respectfully declined."

52. Exhaustion "is unnecessary" and not required if an administrative remedy is found inadequate or unavailable before commencing a federal civil rights action.

53. Pursuant to the Declaration of Independence, government derives just power from the consent of the governed and the Plaintiff has never pledged fealty via oath or other expressed written consent; and

54. The Fifth Amendment to the United States Constitution of America protects individuals from self-incrimination, ensures due process, and requires the government to pay "just compensation" when taking private property for public use (eminent domain).

Therefore, considering the Plain Writing Act (2010), plain 'ol common sense and logic, R.C.W. 46 is for regulation through licensing and registration by natural persons for hire in transportation on behalf of fictitious persons while using a vehicle in the state. Since there is no proof on the record that the Plaintiff was operating under commercial motor vehicle intent or for work/hire, the presumptions of the man acting as officer do not give rise to personal or subject matter jurisdiction of any agency or court. At best the entire event is proof of incompetence, negligence and/or poor training of otherwise fine people. For this trespass,

harm, emotional distress, loss of time and effort taken to correct the record, Plaintiff seeks the following relief, itemized as shown on the attached True Bill and due upon receipt.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

55. Declaratory Judgement that licensing and registration statutes do not apply to Plaintiff's private travel;
56. Injunction Relief restraining further unauthorized arrest, search, seizure, or enforcement;
57. Compensatory and Punitive Damages in the amount of $500,000.00;
58. Rescission of all purported contractual obligations entered under duress or fraud;
59. GAAP-compliant accounting of any monetization or commercial use of citations;
60. Expungement of all related records from licensing and enforcement databases;
61. Early settlement option in lieu of further litigation;
62. Any other relief deemed just and equitable by this Court.

RESPECTFULLY SUBMITTED this ___18th___ day of ___September___ 2025.

_Victoria D. McCandlish_
Victoria Diane McCandlish

Pro Per, Sui Juris, A private woman

Word count 3007

Maxim: *"Equity regards substance, not mere form."*

10

**True Bill: Damages for** Negligence and False Claims
Re: 5-9-2025 CRIMINAL Citation 5A0477031 and Notice of Infraction 5A0477032

| | |
|---|---:|
| Initiating abusive, deceptive, and unfair debt collection practices | 50,000.00 |
| Initiating communication without a valid warrant | 100,000.00 |
| Extorting private data under color of law | 100,000.00 |
| Copyright infringement/Use name in commerce w/out compensation | 70,000.00 |
| Unlawful Detainment threat/duress/coercion [5,000/min, 11:15am - 11:45am] | 30,000.00 |
| Initiating bond action without a valid certificate of eligibility | 47,000.00 |
| Mental stress, anguish, pain | 100,000.00 |
| Time to prepare this document/defense [300/hr x 10hr] | 3,000.00 |
| Total Due: | 500,000.00 USD |

11

Family of McCandlish Trust
2700 Caples Avenue
Vancouver. Washington. 98661-9998.
Grantors Office
(360) 634-2299 phone
(360) 634-2331 fax
grantor1drop@pm.me

Pro Per Sui Juris

```
_____FILED _____LODGED
             _____RECEIVED

        SEP 2 2 2025

    CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                              DEPUTY
```

Date: September 18th, 2025

Clerk of Court
United States District Court
Western District of Washington – Tacoma Division
1717 Pacific Avenue, Room 3100

Re: Filing of Verified Complaint
Case Style: Victoria Diane McCandlish, Plaintiff
  v.
WASHINGTON STATE PATROL;
Officer Chad Prentice #0567,
Sergeant Justin Maier;
Chief John R. Batiste;
OFFICE OF RISK MANAGEMENT;
Douglas Green;
State Treasurer, Mike Pellicciotti;
Bureau of Justice Assistance,
Acting Director Tammie Gregg,
        Defendants

Dear Clerk of Court:

Enclosed please find for filing the following documents in the above-referenced matter:

1. Verified Complaint (original, signed)
2. Civil Cover Sheet (Form JS-44)
3. Summons Letter
4. Exhibits in support of Complaint
5. Filing fee of $405 enclosed money order
6.

Please process the enclosed filing. Thank you for your assistance in this matter.

Respectfully submitted

*[signature]*
Victoria Diane McCandlish
Pro Per Sui Juris, a private woman