UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VICTORIA DIANE MCCANDLISH,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>CHAD PRENTICE et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 3:25-cv-05851-DGE<br><br>ORDER ON MOTION TO STAY PROCEEDINGS AND EXTEND TIME FOR SERVICE (DKT. NO. 8) |

Before the Court is Plaintiff's motion to stay proceedings in this case and extend the time for Plaintiff to effect service due to the ongoing federal government shutdown. (Dkt. No. 8.) Plaintiff's causes of action appear to stem from an interaction with a Washington State Patrol officer. (*See* Dkt. No. 1.) Most of the Defendants in this case are Washington State officials, but one Defendant, Tammie Gregg, is Acting Director of the Bureau of Justice Assistance ("the Bureau"), an office within the United States Department of Justice. Plaintiff contends that as of November 1, 2025, the Bureau and other federal offices are closed or operating with limited capacity due to the ongoing lapse in appropriations. (Dkt. No. 8 at 1.) Plaintiff contends she has

ORDER ON MOTION TO STAY PROCEEDINGS AND EXTEND TIME FOR SERVICE (DKT. NO. 8) - 1

attempted to effect service on Gregg but is unable to do so because agency facilities are closed and staff are unavailable to receive summons and complaints. (*Id.*) Plaintiff asks the Court to extend the deadline to effect service until ten days after the shutdown ends. (*Id.* at 2.)

Under Federal Rule of Civil Procedure 4(m), if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows "good cause" for the failure, the court must extend the time for service for an appropriate period. Here, the Court finds Plaintiff's motion is premature. While Plaintiff asserts she has attempted to effect service on Gregg, she has not detailed what efforts she has made to do so. While the Court is mindful of the difficulties created by the ongoing lapse in appropriations, it is unclear to what extent the shutdown has impacted Gregg's ability to receive service. Furthermore, Plaintiff filed her complaint on September 22, 2025, (Dkt. No. 1), meaning the deadline to effect service is therefore December 22, 2025, more than six weeks from today.

Accordingly, Plaintiff's motion (Dkt. No. 8) is DENIED without prejudice. If the shutdown persists closer to December 22, 2025, the Court will entertain another motion to extend the deadline for service.

Dated this 7th day of November, 2025.

David G. Estudillo
United States District Judge

ORDER ON MOTION TO STAY PROCEEDINGS AND EXTEND TIME FOR SERVICE (DKT. NO. 8) - 2