The Honorable David G. Estudillo

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| VICTORIA DIANE MCCANDLISH (formerly Heacock),<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE PATROL;<br>OFFICER CHAD PRENTICE #0567,<br>SERGEANT JUSTIN MAIER;<br>CHIEF JOHN R. BATISTE;<br>OFFICE OF RISK MANAGEMENT;<br>DOUGLAS GREEN;<br>STATE TREASURER,<br>MIKE PELLICCIOTTI;<br>BUREAU OF JUSTICE ASSISTANCE,<br>ACTING DIRECTOR<br>TAMMIE GREGG<br><br>Defendants. | NO. 3:25-cv-05851-DGE<br><br>DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES |

Defendants, Chad Prentice and Justin Maier in (hereinafter referred to as Defendants) in answer to plaintiff's complaint, admit, deny and allege as follows:

//

//

//

//

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES
No. 3:25-cv-05851-DGE

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

# I.    VERIFIED COMPLAINT

1.    Defendants do not have enough information to affirm or deny most of the allegations in this paragraph and therefore deny same. Defendants admit that Plaintiff filed a complaint against them and that service was not proper.

2.    Defendants admit that Plaintiff filed a tort claim**.** The remainder of this paragraph appears to be legal conclusions to which no response is required. To the extent a response is required Defendants deny same.

3.    This paragraph appears to be legal conclusions to which no response is required. To the extent a response is required Defendants deny same.

# II.    PARTIES, JURISDICTION & VENUE

1.    Defendants lack information to affirm or deny this allegation and therefore deny same.

2.    Admit that Chad Prentice is a Washington State Trooper working for the Washington State Patrol.

3.    Deny.

4.    Admit.

5.    Admit that Defendant Green works in Olympia, Washington.

6.    Admit that Defendant Pellicioti works in Olympia, Washington.

7.    Defendants cannot confirm nor deny the allegations contained in this paragraph. Defendant Gregg is a federal employee and is not represented by the attorney for the state defendants.

# III.    COUNT I – LACK OF DRIVER CAPACITY

8.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

9.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES
No. 3:25-cv-05851-DGE

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

10.     This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

11.     This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

12.     This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

13.     This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

14.     This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

15.     Defendants lack sufficient information to form a belief as to the allegations contained in this paragraph and therefore deny same.

16.     Deny. Plaintiff was engaged in an activity requiring her to be licensed pursuant to Chapter 46 RCW.

17.     This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

18.     This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

19.     This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

20.     This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same. Further, this paragraph contains a statement of damages to which no response is required.

## IV.     COUNT II – LACK OF WSP AUTHORITY

21.     This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES
No. 3:25-cv-05851-DGE

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

22.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

23.    Admit.

24.    Admit.

25.    This allegation does not pertain to any state Defendant and is therefore no answer is required. To the extent an answer is required, Defendants deny same.

26.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

27.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

28.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

29.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

30.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

31.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

32.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

33.    Defendants lack knowledge or information regarding the truth or falsity of this allegations contained in this paragraph and therefore deny the same. Defendants admit that they have not entered into any contracts with Plaintiff.

34.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES
No. 3:25-cv-05851-DGE

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

35.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

36.    Defendants lack knowledge or information regarding the truth or falsity of this allegations contained in this paragraph and therefore deny the same.

37.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

38.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

39.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

40.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

**V.    COUNT III – UNLAWFUL SEIZURE OF PRIVATE PROPERTY**

41.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

42.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

43.    Deny.

44.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

45.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

**VI.    COUNT IV – CONSTITUTIONAL DEPRIVATION OF DUE PROCESS**

46.    Deny.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES
No. 3:25-cv-05851-DGE

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

47.    Admit that Plaintiff was issued a ticket. The remainder of the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

48.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

49.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

50.    Defendants lack knowledge or information regarding the truth or falsity of this allegations contained in this paragraph and therefore deny the same.

51.    Admit.

52.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

53.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

54.    This allegation contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

## VII.    PRAYER OF RELIEF

Paragraphs 55-61 of Plaintiff's Complaint constitutes a request for relief to which no response is required. To the extent any further response is required, Defendants deny the same. Defendants expressly deny that Plaintiff is entitled to judgment, or any relief requested in her Complaint

## VIII.    ALLEGATIONS NOT EXPRESSLY ADMITTED ARE DENIED

Multiple allegations were imbedded in most of the paragraphs of Plaintiff's Complaint, and, indeed, in many of the individual sentences in the paragraphs of that document. While the State has made every effort to address each allegation, the State is aware it may be possible to interpret that a particular allegation was neither admitted nor denied in this Answer. Accordingly,

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES
No. 3:25-cv-05851-DGE

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

in addition to the admissions and denials stated herein, the State denies any allegation in Plaintiff's Complaint that has not been expressly admitted or denied.

## IX.    AFFIRMATIVE DEFENSES

By Way of FURTHER ANSWER and FIRST AFFIRMATIVE DEFENSE, defendant alleges

1.    SERVICE OF PROCESS

that the summons and complaint were never properly served upon the defendant [or that the process served was insufficient.]

2.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

that plaintiff has failed to exhaust administrative remedies or plaintiff's remedy is administrative rather than judicial and therefore the action will not lie.

3.    INDISPENSABLE PARTY

that plaintiff has failed to join an indispensable party and therefore the action will not lie.

4.    COMPARATIVE FAULT

that the injuries and damages, if any, claimed by the plaintiff(s) were proximately caused or contributed to by the fault of plaintiff(s) as defined by RCW 4.22.015.

5.    DISCRETIONARY IMMUNITY

that all actions of the defendant, State of Washington, herein alleged as negligence, manifest a reasonable exercise of judgment and discretion by authorized public officials made in the exercise of governmental authority entrusted to them by law and are neither tortious nor actionable.

6.    ASSUMPTION OF RISK

that the injuries and damages, if any, claimed by the plaintiff(s) herein, arise out of a condition of which plaintiff(s)/decedent(s) had knowledge and to which plaintiff(s)/decedent(s) voluntarily subjected himself/herself/themselves.

7.    FAILURE TO STATE A CLAIM

that the plaintiff has failed to state a claim upon which relief may be granted.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES
No. 3:25-cv-05851-DGE

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

1    8.    PROVOCATION

2         that if the plaintiff(s) sustained any injury or damage, the same was provoked by the conduct

3    of the plaintiff.

4    9.    GOOD FAITH

5         that the defendant at all times acted in good faith in the performance of its duties and is

6    therefore immune from suit for the matters charged in plaintiff's complaint.

7    10.    AFTER ACQUIRED EVIDENCE

8         that the damages claimed by the plaintiff(s) are limited by the doctrine of after acquired

9    evidence. (Note on use: *See Jenson v. North Valley Hosp.*, 93 Wn. App. 892 (1999)).

10   11.    MITIGATION OF DAMAGES

11        that if the plaintiff(s) suffered any damages, recovery therefore is barred by plaintiff's failure

12   to mitigate said damages.

13   12.    SETOFF

14        that the defendant is entitled to an offset from any awards to plaintiff(s) herein and/or

15   recovery of back monies paid to plaintiff(s).

16   13.    IMMUNITY

17        that the defendant is immune from suit for the matters charged in plaintiff's complaint.

18   14.    ELEVENTH AMENDMENT IMMUNITY

19        that the defendant State of Washington, its agencies and agents, are not subject to civil suit

20   for damages under the Eleventh Amendment of the Constitution of the United States.

21   15.    ABSOLUTE IMMUNITY

22        that the claims against the defendant are barred by the doctrine(s) of absolute (quasi-judicial

23   and/or quasi-prosecutorial) immunity.

24   16.    QUALIFIED IMMUNITY

25        that the claims alleged under 42 U.S.C. § 1983 against the state employees are barred by the

26   doctrine of qualified immunity. (Note on use: *See Saucier v. Katz*, 533 U.S. 194 (2001)).

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES
No. 3:25-cv-05851-DGE

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

1    17.    IMPAIRMENT

2        that this action is barred due to the impairment of plaintiff(s) as provided by RCW 5.40.060.

3                    X.    RESERVATION OF RIGHTS

4        Defendants reserve the right to supplement, supplant, or strike these affirmative defenses

5    as information regarding the nature of Plaintiff's claim becomes available through discovery.

6        WHEREFORE, Defendants pray that Plaintiff's Amended Complaint be dismissed with

7    prejudice and that Plaintiff take nothing by his Complaint and that the State be allowed its costs and

8    reasonable attorney fees herein.

9        DATED this 20th day of November, 2025.

10                            NICHOLAS W. BROWN
                            Attorney General
11

12                            s/ Johnna S. Craig
                            JOHNNA S. CRAIG, WSBA No. 35559
13                            Assistant Attorney General
                            Attorney for Defendant State of Washington
14                            P.O. Box 40126
                            Olympia, WA 98504-0126
15                            Telephone: 360-586-6300
                            Johnna.Craig@atg.wa.gov
16

17

18

19

20

21

22

23

24

25

26

1

**CERTIFICATE OF SERVICE**

2      I declare that I caused a copy of this document to be served on all parties or their counsel

3  of record on the date below as follows:

4      ☒ Electronic Filing via Clerk of the Court using the CM/ECF Filing System

5      ☒ Unites States Postal Service:

6      Victoria Diane McCandlish
       2700 Caples Avenue Suite 2441
7      Vancouver, WA 98661

8      I declare under penalty of perjury, under the laws of the State of Washington, that the

9  foregoing is true and correct.

10     DATED this 20th day of November 2025, at Olympia, Washington.

11                                    NICHOLAS W. BROWN
                                      Attorney General
12

13                                    *s/ Johnna S. Craig*
                                      JOHNNA S. CRAIG, WSBA No. 35559
14                                    Assistant Attorney General

15

16

17

18

19

20

21

22

23

24

25

26