Family of McCandlish Trust
2700 Caples Avenue
Vancouver. Washington. 98661-9998.
Grantors Office
(360) 634-2299 phone
(360) 634-2331 fax
grantor1drop@pm.me

Pro Per Sui Juris

FILED _____ LODGED
_____ RECEIVED
DEC 16 2025
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Victoria Diane McCandlish<br>               Plaintiff,<br><br>vs.<br><br>WASHINGTON STATE PATROL;<br>Officer Chad Prentice #0567,<br>Sergeant Justin Maier;<br>Chief John R. Batiste;<br>OFFICE OF RISK MANAGEMENT;<br>Douglas Green;<br>State Treasurer, Mike Pellicciotti;<br>Bureau of Justice Assistance,<br>Acting Director Tammie Gregg<br>               Defendants. | Case No. 3:25-cv-05851-DGE<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CERTAIN DEFENDANTS (DK #11)<br><br>**Noting Date: December 16, 2025**<br>Work Count: 783 |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CERTAIN DEFENDANTS

Plaintiff Victoria Diane McCandlish opposes dismissal to the extent Defendants seek dismissal beyond what Eleventh Amendment immunity requires, and requests leave to amend to clarify capacity and to plead facts sufficient to state viable claims.

### I. INTRODUCTION

1. Defendants move to dismiss Washington State Patrol ("WSP"), and certain state officials, on Eleventh Amendment grounds and under *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Plaintiff does not dispute that the Eleventh Amendment bars claims for money damages against the State, state agencies, and state officials sued in their official capacities under 42 U.S.C. § 1983. However, Plaintiff opposes any order that (i) dismisses claims that are not barred, (ii) dismisses "with prejudice" where amendment could cure pleading defects, or (iii) purports to dismiss individual-capacity claims or claims for prospective injunctive relief.

### II. LEGAL STANDARD

2. On a Rule 12(b)(6) motion, the Court accepts well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. A complaint must contain sufficient factual matter to state a plausible claim for relief.

## III. ARGUMENT

3. **A. Official-capacity damages claims against the State and arms of the State may be dismissed, but dismissal should be limited**

4. To the extent Plaintiff's complaint seeks monetary damages from WSP (a state agency) and from state officials in their official capacities under § 1983, those claims are barred by the Eleventh Amendment and by the rule that a State and its officials acting in official capacity are not "persons" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

5. Accordingly, dismissal should be limited to: (1) WSP, and (2) the named state officials only insofar as they are sued for money damages in their official capacities under § 1983 (and any similar civil-rights damages theory barred by sovereign immunity).

**B. The Court should not enter an overbroad order dismissing the entire case or individual-capacity claims**

6. The motion before the Court is captioned as a motion to dismiss "certain defendants" based on Eleventh Amendment immunity. It does not provide developed argument for dismissal of claims against the individual trooper defendants in their individual capacities. Any order should track the motion's actual basis and should not purport to dismiss the action in its entirety or to dismiss defendants who are not the subject of the Eleventh Amendment argument.

**C. Claims for prospective injunctive relief against an appropriate state official are not barred by the Eleventh Amendment (Ex parte Young)**

7. Plaintiff's complaint requests injunctive relief to restrain ongoing unconstitutional conduct. The Eleventh Amendment does not bar suits for **prospective injunctive relief** against state officials in their official capacities to stop ongoing violations of federal law under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908). To the extent the complaint seeks prospective relief, dismissal on Eleventh Amendment grounds is not appropriate.

8. If the Court concludes the complaint does not clearly plead the appropriate defendant(s) for *Ex parte Young* relief or does not clearly allege ongoing conduct, Plaintiff requests leave to amend to

2

clarify the request for prospective relief and the official-capacity defendant(s) responsible for enforcement.

### D. Leave to amend should be granted

9. If the Court finds any portion of Plaintiff's pleading deficient or unclear as to capacity, parties, or the factual basis for constitutional claims, Plaintiff requests leave to amend. Amendment is appropriate where it may cure defects by: (1) removing non-actionable theories and surplusage; (2) pleading a clear factual chronology; (3) specifying what each defendant did; and (4) clarifying the capacity in which each defendant is sued and the relief sought.

## IV. CONCLUSION

10. Plaintiff requests that the Court (1) grant the motion only to the limited extent that Eleventh Amendment immunity bars damages claims against WSP and official-capacity damages claims against state officials under § 1983; (2) deny any request to dismiss individual-capacity claims or claims for prospective injunctive relief; (3) deny dismissal "with prejudice"; and (4) grant Plaintiff leave to amend.

RESPECTFULLY SUBMITTED this 16th day of December 2025.

/s/ Victoria Diane McCandlish
Pro Per, Sui Juris, A private woman

Family of McCandlish Trust
2700 Caples Avenue #2441
Vancouver. Washington. 98661-9998.
Grantors Office
(360) 634-2299 phone
(360) 634-2331 fax
grantor1drop@pm.me

Pro Per Sui Juris

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Victoria Diane McCandlish,<br>                Plaintiff,<br><br>vs.<br><br>WASHINGTON STATE PATROL;<br>Officer Chad Prentice #0567,<br>Sergeant Justin Maier;<br>Chief John R. Batiste;<br>OFFICE OF RISK MANAGEMENT;<br>Douglas Green;<br>State Treasurer, Mike Pellicciotti;<br>Bureau of Justice Assistance,<br>Acting Director Tammie Gregg<br>                Defendants. | Case No. 3:25-cv-05851-DGE<br><br><br><br>CERTIFICATE OF SERVICE<br><br>(Jury Trial Demanded) |

## CERTIFICATE OF SERVICE

I hereby certify that on this 16Th day of December 2025, I caused a true and correct copy of the foregoing Plaintiff's Verified Second Amended Complaint For Damages Jury Trial Demanded to be served by [U.S. Mail / Certified Mail / Other Method] upon:

ATTENTION:

Johnna S. Craig
WASHINGTON STATE ATTORNEY GENERAL'S OFFICE
Torts
7141 CLEANWATER DRIVE SW
PO BOX 40108
OLYMPIA, WA 98504-0108

RESPECTFULLY SUBMITTED this 16st day of December, 2025.

*[signature]*
by: Victoria Diane McCandlish