Family of McCandlish Trust
2700 Caples Avenue
Vancouver. Washington. 98661-9998.
Grantors Office
(360) 634-2299 phone
(360) 634-2331 fax
grantor1drop@pm.me

Pro Per Sui Juris

FILED LODGED
RECEIVED
DEC 16 2025
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| Victoria Diane McCandlish<br>Plaintiff,<br><br>vs.<br><br>WASHINGTON STATE PATROL , a Washington state agency; OFFICER CHAD PRENTICE #0567, in his individual capacity; SERGEANT JUSTIN MAIER, in his individual capacity; CHIEF JOHN R. BATISTE, in his individual capacity,<br>Defendants. | : | Case No. 3:25-cv-05851-DGE<br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT FOR A CIVIL RIGHTS VIOLATION AND STATE LAW CLAIMS (42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1367)<br><br>Jury Trial Demanded<br><br>**Noting Date: December 16, 2025** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT FOR A CIVIL RIGHTS VIOLATION AND STATE LAW CLAIMS

(42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1367)

Jury Trial Demanded

## INTRODUCTION

Plaintiff Victoria Diane McCandlish appears specially pro per sui juis and brings this civil rights action under 42 U.S.C. §§ 1983, 1985, and 1986, and supplemental state-law claims, arising from an unlawful traffic stop, detention, search, and citation issued on May 9, 2025, by Defendant Officer Chad Prentice of the Washington State Patrol. Plaintiff seeks declaratory relief, injunctive relief, compensatory damages, and punitive damages for violations of her Fourth and Fourteenth Amendment rights, as well as state-law torts including false arrest, false imprisonment, negligence, and intentional infliction of emotional distress.

## PARTIES

1. Plaintiff Victoria Diane McCandlish is an individual dwelling in Clark County, Washington. At all times relevant to this Complaint, Plaintiff was a private traveling for personal, non-commercial purposes.

2. Defendant Washington State Patrol ("WSP") is a law enforcement agency of the State of Washington, organized and existing under RCW 43.43.010 et seq., with its principal office located at 106 11th Avenue SW, Olympia, Washington 98501. WSP is responsible for the training, supervision, and conduct of its officers, including Defendant Prentice.

3. Defendant Officer Chad Prentice, Badge #0567 ("Officer Prentice"), is and was at all relevant times a commissioned officer of the Washington State Patrol. He is sued in his individual and official capacities. At all relevant times, Officer Prentice acted under color of state law. His official address is 7600 NE 41st Street, Vancouver, WA 98662.

4. Defendant Sergeant Justin Maier ("Sergeant Maier") is and was at all relevant times a supervisory officer of the Washington State Patrol. He is sued in his individual and official capacities for his role in ratifying, approving, or failing to prevent the unlawful conduct alleged herein. At all relevant times, Sergeant Maier acted under color of state law. His official address is 2502 112th Street East, Tacoma, WA 98445.

5. Defendant Chief John R. Batiste ("Chief Batiste") is and was at all relevant times the Chief of the Washington State Patrol, with supervisory authority over all WSP officers and operations. He is sued in his individual and official capacities for his role in establishing policies, customs, and practices that caused or contributed to the violations alleged herein. At all relevant times, Chief Batiste acted under color of state law. His official address is 106 11th Avenue S.W., Olympia, WA 98504.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiff asserts claims arising under the Constitution and laws of the United States, including 42 U.S.C. §§ 1983, 1985, and 1986.

7. This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy as Plaintiff's federal claims.

8. Venue is proper in the Western District of Washington under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in Clark County, Washington, which is within this judicial district.

9. Plaintiff has exhausted all required administrative remedies. On May 20, 2025, Plaintiff filed a tort claim with the Washington State Office of Risk Management, Claim No. 2251021938. On June 4, 2025, Douglas Green of the Office of Risk Management denied Plaintiff's claim. A true and correct copy of the denial letter is attached as Exhibit A.

## FACTUAL ALLEGATIONS

### A. The Traffic Stop and Detention

10. On or about May 9, 2025, Plaintiff at all relevant times, was using her automobile for personal, non-employment-related travel and was not transporting passengers or property for compensation or in furtherance of a commercial enterprise, as required under RCW Title 46 or 49 U.S.C. Part 390 et seq.

11. At approximately 11:15 a.m., near the entrance to State Route 500 westbound at the 112th Street on-ramp in Clark County, Washington, Defendant Officer Chad Prentice initiated a traffic stop of Plaintiff's automobile.

12. Officer Prentice informed Plaintiff that the basis for the stop was that the registration tags displayed on her automobile were expired.

13. During the detention, Officer Prentice demanded that Plaintiff produce a driver's license, vehicle registration, and proof of insurance.

14. Plaintiff informed Officer Prentice that she was traveling for private, non-commercial purposes and was not engaged in any activity requiring a commercial driver's license or commercial vehicle registration under federal or state law.

15. During the stop, Officer Prentice required Plaintiff to remain at the roadside for approximately thirty (30) minutes, questioned her, placed her in handcuffs, and confined her in the back of his patrol vehicle.

16. Plaintiff was then read her Miranda rights and learned the reason for the stop and detention related to her driver's license issued to her in the State of Oregon more than thirty (30) years earlier.

17. Officer Prentice issued Plaintiff two citations:

    i. Criminal Citation No. 5A0477031 for allegedly driving without a valid license; and

    ii. Notice of Infraction No. 5A0477032 for an alleged traffic infraction.

18. At no point during the encounter did any other driver, pedestrian, or member of the public report an injury, collision, or make a complaint to Officer Prentice or any other WSP officer present.

19. Based on Plaintiff's observations at the time, and the absence of any collision, erratic driving, or complaining witness, Plaintiff is informed and believes that Officer Prentice lacked reasonable suspicion or probable cause to issue either Criminal Citation No. 5A0477031 or Notice of Infraction No. 5A0477032.

20. At all relevant times, Defendant Chief John R. Batiste was the Chief of the Washington State Patrol and was responsible for training, supervision, and setting policies for officers such as Defendants Officer Prentice and Sergeant Maier.

21. At all relevant times on May 9, 2025, Defendant Sergeant Justin Maier was the supervising Washington State Patrol officer responsible for overseeing officers in the area, including Officer Prentice. Sergeant Maier knew or reasonably should have known about the stop, detention, search, and taking of Plaintiff's property but did not step in to stop, shorten, or correct these actions.

22. By not intervening or correcting the conduct, Chief John R. Batiste and Sergeant Maier allowed Officer Prentice the stop, detention, and taking of private property to continue.

23. Despite the return of the Plaintiff's property, the effects of the stop and citations were not corrected.

24. True and correct copies of the citations are attached as Exhibit B.

25. As a result of the stop and detention, Plaintiff's freedom of movement was completely restrained; she experienced fear, embarrassment, and humiliation in public view; and she later spent substantial time and effort responding to the citations and court proceedings initiated by Defendants.

26. Plaintiff alleges that Officer Prentice and Sergeant Maier's action in stopping her, prolonging the detention, handcuffing her, confining her in the patrol vehicle, and issuing the citations were intentional and not the result of mistake, and that he acted in conscious disregard of her clearly established rights under the Fourth and Fourteenth Amendments to be free from unreasonable seizures and detention.

B. Unlawful Search and Seizure

27. On May 9, 2025, during the traffic stop described above, Officer Prentice conducted a physical search of Plaintiff's person.

28. Officer Prentice did not present a warrant authorizing the search, did not ask Plaintiff for consent to search, and did not inform Plaintiff that she had the right to refuse consent.

29. During the search, Officer Prentice removed and retained Plaintiff's personal property, including her automobile keys and a silver dollar coin.

30. Plaintiff did not voluntarily surrender her property to Officer Prentice and did not receive a written property receipt or any written instruction regarding how or when she could recover her property.

31. Plaintiff gave limited consent for Officer Prentice to enter the interior of Plaintiff's automobile to remove her phone.

32. Plaintiff's car keys and silver dollar coin were returned to her at a later time.

33. At no time during the encounter did Officer Prentice inform Plaintiff that he had probable cause to believe she had committed a crime, that he had reason to believe she was armed and dangerous, or that any emergency or exigent circumstance justified the warrantless search.

34. As a result, Plaintiff lost her property and suffered emotional distress from having her personal belongings taken. It was later returned.

35. Officer Prentice's search and seizure violated Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.

C. Administrative Denial Without Due Process

36. The State of Washington has waived sovereign immunity for tort claims, providing that the state "shall be liable for damages arising out of its tortious conduct to the same extent as if it were a private person or corporation" (RCW 4.92.090).

37. On May 20, 2025, Plaintiff filed a tort claim with the Washington State Office of Risk Management, as required by RCW 4.92.100, alleging tortious conduct by Officer Prentice and WSP.

38. On June 4, 2025, Douglas Green, acting on behalf of the Office of Risk Management, issued a letter denying Plaintiff's claim. A true and correct copy of the denial letter is attached as Exhibit A.

39. The denial letter stated: "Our review does not support a finding upon which to base any payment, as required under Chapter 4.92 RCW. Using public roadways requires properly licensed and insured drivers per applicable laws without exception. Hence, your tort claim against the State of Washington is respectfully declined."

40. Douglas Green's / Office of Risk Management denial was issued without adequate investigation, without affording Plaintiff an opportunity to be heard, and without due process of law.

41. Douglas Green's denial was arbitrary, capricious, and contrary to law.

D. Internal Affairs Finding

42. Plaintiff filed a complaint with the Washington State Patrol Office of Professional Standards ("OPS") regarding Officer Prentice's conduct.

43. On September 5, 2025, Captain Pete T. Stock of OPS issued a letter to Plaintiff stating: "Your dissatisfaction with Trooper Chad Prentice concerning his conduct prompted an investigation and review of the incident(s) you described. The investigation has been completed and Trooper Prentice's conduct was determined to be contrary to department policy."

44. A true and correct copy of the OPS letter is attached as Exhibit C.

45. Despite this finding, WSP has taken no action to remedy the harm caused to Plaintiff, to discipline Officer Prentice, or to prevent similar violations in the future.

E. Pattern and Practice

46. Upon information and belief, the unlawful conduct alleged herein was not an isolated incident, but rather reflects a pattern, practice, custom, or policy of the Washington State Patrol to:

    i. Conduct pretextual traffic stops without reasonable suspicion or probable cause;
    ii. Detain and search individuals without constitutional justification;
    iii. Issue citations to individuals engaged in private, non-commercial travel;
    iv. Fail to adequately train and supervise officers regarding the constitutional rights of citizens; and
    v. Fail to discipline officers who violate citizens' constitutional rights.

47. Defendants Chief Batiste, Sergeant Maier, and WSP were deliberately indifferent to the constitutional rights of Plaintiff and others similarly situated.

48. Defendants Chief Batiste, Sergeant Maier, and WSP failed to implement adequate policies, training, and supervision to prevent the violations alleged herein.

## CAUSES OF ACTION

### COUNT I – UNLAWFUL SEIZURE OF PERSON AND PROPERTY
(42 U.S.C. § 1983 – Fourth Amendment)
(Against Officer Prentice, Sergeant Maier, and Chief Batiste, individually and in their official capacities)

49. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth here.

50. At all relevant times, Defendants Prentice, Sergeant Maier, and Chief Batiste were Washington State Patrol officers acting within the scope of their duties and under color of state law.

51. On May 9, 2025, Defendant Prentice seized Plaintiff's person by initiating a traffic stop and detaining her at the roadside for approximately thirty (30) minutes, placing her in handcuffs, and confining her in the back of a patrol vehicle.

52. Plaintiff alleges that this seizure was not supported by reasonable suspicion or probable cause that she had committed, was committing, or was about to commit a crime or traffic infraction.

53. During the same encounter, Defendant Prentice seized Plaintiff's personal property, including her automobile keys, a silver dollar coin, without a warrant and without Plaintiff's voluntary consent.

54. Plaintiff alleges that no exigent circumstances or other recognized exception to the warrant requirement justified the seizure of her person or property.

55. The foregoing conduct constituted an unreasonable seizure of Plaintiff's person and effects in violation of the Fourth Amendment to the United States Constitution, enforceable through 42 U.S.C. § 1983.

56. Sergeant Maier and Chief Batiste are liable under 42 U.S.C. § 1983 to the extent they participated in, directed, ratified, or knowingly failed to prevent the unlawful seizure, despite having the authority and duty to do so.

57. At the time of the incident, it was clearly established that detaining an individual and seizing her property without reasonable suspicion, probable cause, a warrant, or a valid exception to the warrant requirement violates the Fourth Amendment.

58. As a direct and proximate result of the unlawful seizure, Plaintiff suffered loss of liberty, interference with her possessory interests in her property, emotional distress, humiliation, time and expense responding to the citations and court process, and other compensable damages, in an amount to be proven at trial.

COUNT II – PROCEDURAL DUE PROCESS (FOURTEENTH AMENDMENT)
(42 U.S.C. § 1983 – Against Washington State Patrol, Officer Prentice, Sergeant Maier, and Chief Batiste, individually and in their official capacities)

59. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here.

60. The Fourteenth Amendment to the United States Constitution prohibits the State from depriving any person of liberty or property without due process of law.

61. Plaintiff had protected liberty interests in freedom from unlawful arrest and detention and in being free from arbitrary governmental action in the handling of her tort claim arising from the May 9, 2025 incident.

62. On or about May 20, 2025, Plaintiff submitted a tort claim to the Washington State Office of Risk Management pursuant to RCW 4.92.100, seeking redress for the conduct of Washington State Patrol officers arising from the May 9, 2025 stop and detention.

63. On June 4, 2025, Douglas Green, acting in his capacity as a Case Manager for the Office of Risk Management, issued a letter denying Plaintiff's claim (Tort Claim No. 2251021938).

64. Plaintiff alleges that the claim was denied without any opportunity for Plaintiff to present additional information, respond to questions, or be heard in any form beyond her initial written submission, and without any explanation beyond a conclusory statement that "our review does not support a finding upon which to base any payment."

65. Plaintiff further alleges that, in denying her claim, Douglas Green / Office of Risk Management relied on a categorical assertion that "using public roadways requires properly licensed and insured drivers per applicable laws without exception," without addressing the specific factual

circumstances and allegations in Plaintiff's tort claim.

66. Plaintiff alleges that Douglas Green's summary denial letter and procedure on behalf of the Office of Risk Management, as applied to her claim, failed to provide a fair and meaningful process for consideration of her claim and resulted in arbitrary treatment of her request for redress.

67. As a direct and proximate result of the manner in which Plaintiff's tort claim was handled and denied, Plaintiff was left without administrative redress for the harms alleged, experienced emotional distress, and incurred additional time and expense pursuing judicial remedies.

COUNT III – MUNICIPAL / OFFICIAL-CAPACITY LIABILITY (MONELL)
(42 U.S.C. § 1983 – Against Washington State Patrol and Chief Batiste in his official capacity)

68. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here.

69. At all relevant times, Defendant Washington State Patrol ("WSP") was a state law-enforcement agency, and Defendant Chief John R. Batiste was the policymaking official responsible for WSP policies, training, supervision, and discipline.

70. Plaintiff alleges that WSP, through Chief Batiste and other policymakers, maintained customs, practices, or policies that caused or contributed to the violations of Plaintiff's clearly established Fourth and Fourteenth Amendment rights, including:

    i.  Failing to adequately train troopers regarding the constitutional limits on traffic stops, detentions, searches, and seizures;

    ii.  Failing to adequately supervise troopers to prevent unwarranted roadside detentions and searches of motorists who present no safety threat and are engaged in ordinary, non-criminal travel;

    iii.  Failing to investigate, discipline, or correct troopers who engage in unconstitutional stops, detentions, or seizures of property; and

    iv.  Tolerating or encouraging a practice of initiating and prolonging traffic stops without specific, articulable reasonable suspicion or probable cause.

71. Plaintiff alleges on information and belief that, prior to May 9, 2025, WSP and Chief Batiste were on notice, through complaints, internal affairs investigations, and civil claims, that troopers—including Trooper Prentice—had engaged in similar conduct, yet WSP failed to take reasonable steps to correct or prevent recurrence.

72. These customs, practices, and policies reflect deliberate indifference to the constitutional rights of persons, including Plaintiff, who are subjected to traffic stops, detentions, and searches by WSP troopers.

73. The unconstitutional seizure of Plaintiff's person and property on May 9, 2025, as alleged above, was a foreseeable and direct result of WSP's customs, practices, and policies and was the moving force behind Plaintiff's injuries.

74. As a direct and proximate result, Plaintiff suffered loss of liberty, interference with her possessory interests in her property, emotional distress, humiliation, and time and expense responding to citations, administrative processes, and this litigation, and is entitled to compensatory damages and appropriate declaratory and injunctive relief.

COUNT IV – FALSE ARREST AND FALSE IMPRISONMENT
(Washington Common Law – Against Officer Prentice, Sergeant Maier; vicarious liability against Washington State Patrol and Chief Batiste in his official capacity)

75. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here.

76. On May 9, 2025, Defendant Prentice intentionally restrained Plaintiff's freedom of movement by directing her to pull over, requiring her to remain at the roadside for approximately thirty (30) minutes, placing her in handcuffs, and confining her in the back of his patrol vehicle.

77. Plaintiff did not consent to this restraint and was aware that she was not free to leave.

78. Plaintiff alleges that Defendant Prentice lacked probable cause or lawful authority to detain her for this duration and under these conditions.

79. Defendant Prentice's conduct constitutes false arrest and false imprisonment under Washington common law.

80. Defendants WSP, Sergeant Maier, and Chief Batiste are vicariously liable for Defendant Prentice's actions to the extent he acted within the scope of his employment and authority as a Washington State Patrol trooper.

81. As a direct and proximate result of this false arrest and imprisonment, Plaintiff suffered loss of liberty, humiliation, emotional distress, disruption of her day, and other damages, in an amount to be proven at trial.

COUNT V – NEGLIGENCE
(Washington Law – Against Officer Prentice, Washington State Patrol, Sergeant Maier, and Chief Batiste)

82. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here.

83. Defendants owed Plaintiff a duty to exercise reasonable care in the performance of their law-enforcement duties, including the duty:

   i. Not to initiate or prolong traffic stops in the absence of reasonable suspicion or probable cause;

   ii. Not to detain individuals longer or under more restrictive conditions than reasonably necessary under the circumstances; and

   iii. To handle and safeguard the personal property of persons they detain with reasonable care.

84. Defendant Prentice breached these duties by, among other things, initiating and prolonging the May 9, 2025 traffic stop without adequate legal justification, handcuffing and confining Plaintiff in a patrol vehicle, and taking possession of Plaintiff's personal property, including her

automobile keys and silver dollar coin, without following reasonable procedures to document and promptly return that property.

85. To the extent supervisory and institutional duties are recognized under Washington law, Defendants WSP, Sergeant Maier, and Chief Batiste breached their duties by failing to adopt, implement, or enforce reasonable policies, training, and supervision to prevent troopers from engaging in the negligent conduct described above.

86. Defendants' breaches were a direct and proximate cause of Plaintiff's injuries, including loss of liberty, interference with her possessory interests in her property, emotional distress, humiliation, and time and expense addressing the resulting citations and proceedings.

87. Plaintiff is entitled to recover all damages allowed by Washington law as a result of Defendants' negligence.

COUNT VI – CONVERSION AND TRESPASS TO CHATTELS
(Washington Common Law – Against Officer Prentice and Washington State Patrol )

88. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here.

89. At all relevant times, Plaintiff had lawful ownership of, and an immediate right to possess, her personal property, including but not limited to:

   i. silver dollar coin of monetary and sentimental value; and
   ii. Her automobile keys and other personal effects in her possession during the May 9, 2025 stop.

90. During the May 9, 2025 encounter, Defendant Prentice intentionally took possession of Plaintiff's personal property and retained control over that property without Plaintiff's voluntary consent and without providing any property receipt or clear process for retrieval.

91. Plaintiff was deprived of possession and use of her property for a period of time and alleges that the interference with her property rights was substantial.

92. Defendant Prentice's intentional exercise of dominion and control over Plaintiff's property, inconsistent with Plaintiff's rights, constitutes conversion under Washington law, or, in the alternative, trespass to chattels because it intentionally interfered with Plaintiff's possessory interests and caused actual harm and loss of use.

93. Defendant WSP is vicariously liable for the acts and omissions of Defendant Prentice to the extent he was acting within the scope of his employment as a Washington State Patrol trooper when he took and retained Plaintiff's property.

94. As a direct and proximate result of Defendants' conduct, Plaintiff suffered loss of use and enjoyment of her property, emotional distress associated with the taking of her personal belongings, and other damages, in an amount to be proven at trial.

COUNT VII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Washington Law – Against All Defendants)

95. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here.

96. Plaintiff alleges that Defendants' conduct in stopping, detaining, handcuffing, searching, and seizing her and her property on May 9, 2025, created an unreasonable risk of causing her emotional harm.

97. Defendants' conduct did, in fact, cause Plaintiff to experience fear, anxiety, embarrassment, humiliation, and ongoing emotional distress.

98. Plaintiff's emotional distress was a reasonably foreseeable result of being publicly detained, handcuffed, confined in a patrol vehicle, and having her personal belongings taken and controlled by law-enforcement officers.

99. Defendants' actions were a proximate cause of Plaintiff's emotional distress, separate from any purely economic or property loss.

100. Plaintiff is entitled to recover damages for negligent infliction of emotional distress under Washington law.

COUNT VIII – DECLARATORY RELIEF
(28 U.S.C. §§ 2201–2202 – Against All Defendants as appropriate)

101. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here.

102. An actual, present, and justiciable controversy exists between Plaintiff and Defendants concerning the lawfulness of Defendants' actions on May 9, 2025, including the stop, detention, search, seizure of Plaintiff's person and property, and the processing and denial of her subsequent tort claim.

103. Plaintiff seeks a declaration that:

i. The May 9, 2025 stop, detention, and seizure of Plaintiff and her property violated her rights under the Fourth and Fourteenth Amendments to the United States Constitution; and

ii. Defendants lacked lawful authority to seize and retain Plaintiff's personal property under the circumstances alleged.

iii. A declaratory judgment will clarify the parties' rights and obligations and help prevent similar violations in the future.

PRAYER FOR RELIEF

104. Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants and award:

A. Declaratory and Injunctive Relief.

i. A declaration that the May 9, 2025 stop, detention, search, and seizure of Plaintiff and her personal property violated the Fourth and Fourteenth Amendments.

ii. A declaration that Defendants lacked lawful authority, on the facts alleged, to seize and retain Plaintiff's personal property.

iii. Reasonable prospective relief (including policy/training changes) necessary to prevent similar constitutional violations by Washington State Patrol and related state actors.

B. Damages.

iv. Compensatory damages in an amount to be proven at trial for: loss of liberty, loss of use and enjoyment of property, emotional distress, humiliation, and time and expense caused by Defendants' conduct.

v. Punitive damages against individual Defendants to the extent permitted by 42 U.S.C. § 1983 and applicable law.

C. Fees, Costs, and Interest.

vi. Reasonable attorneys' fees and litigation expenses under 42 U.S.C. § 1988 and other applicable law.

vii. Taxable costs as allowed by 28 U.S.C. § 1920 and applicable rules.

viii. Pre- and post-judgment interest as allowed by law.

D. Further Relief

ix. Such other and further relief, legal or equitable, as the Court deems just and proper.

DATED this 16th day of December, 2025.

Respectfully submitted,

/s/ [signature]

Victoria Diane McCandlish Plaintiff, pro per sui juris



**STATE OF WASHINGTON**
DEPARTMENT OF ENTERPRISE SERVICES – OFFICE OF RISK MANAGEMENT
*1500 Jefferson Street PO Box 41466, Olympia, Washington 98504-1466*
*(360) 407-9199   www.des.wa.gov*

June 4, 2025

***VIA US MAIL***
Victoria McCandlish
2700  Caples Ave #2441
Vancouver, Washington 98661-9998

RE:    Your Tort Claim # 2251021938

Dear Victoria McCandlish:

The Department of Enterprise Services, Office of Risk Management, has reviewed the tort claim filed against the state of Washington on May 20, 2025. Your claim alleges damages resulting from your interaction with Washington State Patrol on or about May 9, 2025.

Washington State maintains a public liability fund for payment of tort claims only after there has been a finding of tortious conduct.  A tort is committed when the state was under a legal duty to act in a particular fashion, breaches that duty, and you are injured or undergo a loss as a direct result of the state's breach.

Our review does not support a finding upon which to base any payment, as required under Chapter 4.92 RCW.  Using public roadways requires properly licensed and insured drivers per applicable laws without exception.  Hence, your tort claim against the state of Washington is respectfully declined.

Please contact me if you have any questions regarding this decision.

Sincerely,

*Douglas Green*
Douglas Green
Case Manager
360.407.2244
douglas.green@des.wa.gov

Exhibit B

**CRIMINAL CITATION - MANDATORY COURT APPEARANCE**

APPEARANCE DATE: Friday, May 23, 2025 TIME: 8:30 AM

LOCATION: **CLARK COUNTY DISTRICT COURT**
**PO BOX 9806**

**VANCOUVER WA 98666**

CONTACT: **Email: district.tickets@clark.wa.gov**
**Website: www.clark.wa.gov/district-court**
**Phone: (564) 397-2424**
**Phone: M-F 8am-12Pm & 1pm-4:30pm**
**Located at: 1200 Franklin St,**
**Vancouver, WA 98660**

You are charged with the crimes described on this form.

**** IF YOU DO NOT APPEAR IN COURT THIS MAY RESULT IN A WARRANT FOR YOUR ARREST AND DETENTION IN JAIL ****

Also, if "Traffic" is checked you may lose your driver's license/privilege. Traffic citations may go on your driving record.

**MANDATORY COURT APPEARANCE DATE INSTRUCTIONS: ONE OF THE FOLLOWING APPLIES TO YOU.**

1. If there is a **date** in the appearance date box, you must appear in court at that date and time.
2. If there is a **number** in the appearance date box, you must appear in court within the number of days indicated.
3. If the appearance date box is **blank**, the court will notify you in writing when to appear. If you do not receive a notice within fifteen 15 days please contact the court immediately.

When you appear, you will be advised of your constitutional rights and the possible penalties if you are convicted. You also may be asked to enter a plea of NOT GUILTY or GUILTY.

**CRIMINAL** ☑ TRAFFIC ☐ NON-TRAFFIC **5A0477031**

IN THE ☑ DISTRICT ☐ MUNICIPAL COURT OF CLARK COUNTY DISTRICT COURT

☑ STATE OF WASHINGTON, PLAINTIFF VS NAMED DEFENDANT
☐ COUNTY OF
☐ CITY/TOWN OF REPORT #

LEA ORI # WAWSP0512 COURT ORI # WA006023J TCN

THE UNDERSIGNED CERTIFIES AND SAYS THAT IN THE STATE OF WASHINGTON

| DRIVER'S LICENSE NO | STATE | EXPIRES | PHOTO ID MATCHED | CDL/CLP |
|---|---|---|---|---|
| WDL7NTSGG13B | WA | 10-14-27 | ☑ YES ☐ NO | ☐ YES ☑ NO |

NAME LAST HEACOCK FIRST VOCTORIA
MIDDLE DIANE SFX
ADDRESS 7100 NE 151ST CIR ☐ IF NEW ADDRESS
CITY VANCOUVER STATE WA ZIP CODE 98686
EMPLOYER
EMPLOYER LOCATION

| DATE OF BIRTH | RACE | ETHNICITY | SEX | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|---|
| 10-14-64 | W | N | F | 5'04" | 160 | BLU | BRO |

RESIDENTIAL PHONE NO CELL/PAGER NO WORK PHONE NO

VIOLATION DATE ON OR ABOUT 05/09/2025 11:45 ☐ INTERPRETER NEEDED LANG
AT LOCATION WB STATE ROUTE 500
REF TRAFFICWAY NE 112TH AVENUE
MP 5 BLOCK # CITY/COUNTY OF CLARK

DID OPERATE THE FOLLOWING VEHICLE/MOTOR VEHICLE ON A PUBLIC HIGHWAY AND

| VEH LIC NO | STATE | EXPIRES | VEH YR | MAKE | MODEL | STYLE | COLOR |
|---|---|---|---|---|---|---|---|
| BGA5032 | WA | 06-06-22 | 2014 | TOYOTA | SIENNA | VAN | SILVER/AL |

TR #1 LIC NO STATE EXPIRES TR YR TR #2 LIC NO STATE EXPIRES TR YR

OWNER/COMPANY IF OTHER THAN DRIVER
ADDRESS
CITY STATE ZIP CODE

ACCIDENT NO COMMERCIAL VEHICLE ☐ YES ☑ NO 16+ BUS ☐ YES ☑ NO HAZMAT ☐ YES ☑ NO
EXEMPT VEHICLE ☐ FIRE ☐ LEA BAC DUI/PHYS-C # PASS < AGE 16

DID THEN AND THERE COMMIT EACH OF THE FOLLOWING OFFENSES

---

**NOTICE OF INFRACTION**
**YOU MUST RESPOND 30 DAYS FROM THE DATE ISSUED OR 33 DAYS FROM THE DATE THE NOTICE IS MAILED.**
This is a non-criminal offense for which you cannot go to jail.
Your response must be postmarked by midnight of the day it is due at the court. If you do not respond or appear for court hearings:

The court will find that you committed the infraction and the determination will be final unless contested. Your penalty may be increased, failure to pay or failure to enter into a payment plan may result in a referral of your case to a collection agency, including garnishment of your wages or assets. AND if:

TRAFFIC You may lose your driver's license/privilege.
NON-TRAFFIC It is a crime and will be treated accordingly.
PARKING DOL may refuse to renew your vehicle registration, until any penalties imposed have been satisfied

**Check one of the 4 boxes below, then sign, date, and mail this form to:**
**CLARK COUNTY DISTRICT COURT**
**PO BOX 9806**

**VANCOUVER WA 98666**

Court contact information:
**Email: district.tickets@clark.wa.gov**
**Website: www.clark.wa.gov/district-court**
**Phone: (564) 397-2424**
**Phone: M-F 8am-12Pm & 1pm-4:30pm**
**Located at: 1200 Franklin St,**
**Vancouver, WA 98660**

☐ Pay. I have enclosed a check or money order, in U.S. funds, for the amount listed. I understand this will go on my driving record if "traffic" is checked. DO NOT SEND CASH. NSF checks will be treated as a failure to respond.

☐ Payment Plan. I admit responsibility for the infraction. I request the court provide me information about how to obtain a payment plan and how to submit evidence of my current inability to pay in full.

☐ Mitigation Hearing. I agree I have committed the infraction(s), but I want a hearing to explain the circumstances. Please send me a court date to appear. I know I may not subpoena witnesses to appear, but witnesses can attend voluntarily. I understand this will go on my driving record if "traffic" is checked above. The court may allow time payments or reduce the penalty where allowed by law.

☐ Contested Hearing. I want to contest (challenge) this infraction. I did not commit the infraction. Please send me a court date to appear. The state must prove by a preponderance of the evidence that I committed the infraction. I know I can require (subpoena) witnesses, including the officer who wrote the ticket, to attend the hearing. The court will tell me how to request a witness's appearance. I understand this will go on my driving record if I lose and "traffic" is checked.

My mailing address is: **(PLEASE PRINT)**
Name:
Street or POB: Apt:
City: State: Zip Code:
Telephone: Email:
☐ Is interpreter needed? Language:

X:
(SIGNATURE) (DATE)

**INFRACTION** ☑ TRAFFIC ☐ NON-TRAFFIC ☐ PARKING **5A0477032**

IN THE ☑ DISTRICT ☐ MUNICIPAL COURT OF CLARK COUNTY DISTRICT COURT

☑ STATE OF WASHINGTON, PLAINTIFF VS NAMED DEFENDANT
☐ COUNTY OF
☐ CITY/TOWN OF REPORT #

LEA ORI # WAWSP0512 COURT ORI # WA006023J

THE UNDERSIGNED CERTIFIES AND SAYS THAT IN THE STATE OF WASHINGTON

| DRIVER'S LICENSE NO | STATE | EXPIRES | PHOTO ID MATCHED | CDL/CLP |
|---|---|---|---|---|
| WDL7NTSGG13B | WA | 10-14-27 | ☑ YES ☐ NO | ☐ YES ☑ NO |

NAME LAST HEACOCK FIRST VOCTORIA
MIDDLE DIANE SFX
ADDRESS 7100 NE 151ST CIR ☐ IF NEW ADDRESS ☐ PASSENGER
CITY VANCOUVER STATE WA ZIP CODE 98686
EMPLOYER
EMPLOYER LOCATION

| DATE OF BIRTH | RACE | ETHNICITY | SEX | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|---|
| 10-14-64 | W | N | F | 5'04" | 160 | BLU | BRO |

RESIDENTIAL PHONE NO CELL/PAGER NO WORK PHONE NO

VIOLATION DATE ON OR ABOUT 05/09/2025 11:45 ☐ INTERPRETER NEEDED LANG
AT LOCATION WB STATE ROUTE 500
REF TRAFFICWAY NE 112TH AVENUE
MP 5 BLOCK # CITY/COUNTY OF CLARK

DID OPERATE/PARK THE FOLLOWING VEHICLE ON A PUBLIC HIGHWAY/PROPERTY AND

| VEH LIC NO | STATE | EXPIRES | VEH YR | MAKE | MODEL | STYLE | COLOR |
|---|---|---|---|---|---|---|---|
| BGA5032 | WA | 06-06-22 | 2014 | TOYT | SIENNA | VN | SIL |

TR #1 LIC NO STATE EXPIRES TR YR TR #2 LIC NO STATE EXPIRES TR YR

Exhibit C Case 3:25-cv-05851-DGE Document 20 Filed 12/16/25 Page 15 of 16

BOB FERGUSON
Governor

JOHN R. BATISTE
Chief

STATE OF WASHINGTON
WASHINGTON STATE PATROL
Office of Professional Standards • PO Box 42611 • Olympia, WA 98504-2611 • www.wsp.wa.gov

September 5, 2025

Ms. Victoria D. McCandlish
2700 Caples Avenue
#2441
Vancouver WA 98668

Dear Ms. McCandlish: RE: OPS No. 25-0823

Your dissatisfaction with Trooper Chad Prentice concerning his conduct prompted an investigation and review of the incident(s) you described. The investigation has been completed and Trooper Prentice's conduct was determined to be contrary to department policy.

If you desire further information in regard to the investigation of case number 25-0823, please contact Captain Jason Linn at (360) 449-7908.

Sincerely,

Captain Pete T. Stock
Office of Professional Standards

PTS:hdh
cc: Captain Jason M. Linn, Vancouver

Family of McCandlish Trust
2700 Caples Avenue #2441
Vancouver. Washington. 98661-9998.
Grantors Office
(360) 634-2299 phone
(360) 634-2331 fax
grantor1drop@pm.me

Pro Per Sui Juris

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

Victoria Diane McCandlish,
Plaintiff,

vs.

WASHINGTON STATE PATROL , a Washington state agency;
OFFICER CHAD PRENTICE #0567, in his individual capacity; SERGEANT JUSTIN MAIER, in his individual capacity; CHIEF JOHN R. BATISTE, in his individual capacity,

Defendants.

Case No. 3:25-cv-05851-DGE

CERTIFICATE OF SERVICE

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of December, 2025, I caused a true and correct copy of the foregoing Plaintiff's Verified Second Amended Complaint For Damages Jury Trial Demanded to be served by [U.S. Mail / Certified Mail / Other Method] upon:

ATTENTION:

Johnna S. Craig
WASHINGTON STATE ATTORNEY GENERAL'S OFFICE
Torts
7141 CLEANWATER DRIVE SW
PO BOX 40108
OLYMPIA, WA 98504-0108

RESPECTFULLY SUBMITTED this 1st day of December, 2025.

by: Victoria Diane McCandlish