The Honorable David G. Estudillo

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| VICTORIA DIANE MCCANDLISH (formerly Heacock),<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE PATROL, a Washington state agency;<br>OFFICER CHAD PRENTICE #0567, in his individual capacity;<br>SERGEANT JUSTIN MAIER, in his individual capacity;<br>CHIEF JOHN R. BATISTE, in his individual capacity.<br><br>Defendants. | NO. 3:25-cv-05851-DGE<br><br>DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES |

Defendants, Washington State Patrol, Chad Prentice, in his individual capacity, Sargeant Justin Maier in his individual capacity; Chief John R. Batiste, in his individual capacity (hereinafter referred to as Defendants) in answer to plaintiff's amended complaint, admit, deny and allege as follows:

## I.     INTRODUCTION

This paragraph states legal conclusions and claims for relief to which no response is required. To the extent a response is required, Defendants deny same.

DEFENDANTS' ANSWER TO PLAINTIFF'S AMEDNED COMPLAINT FOR DAMAGES
No. 3:25-cv-05851-DGE

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

## II. PARTIES

1. Defendants lack information to affirm or deny this allegation and therefore deny same.

2. Defendant Washington State Patrol is an improper party to these litigations it is immune from suit pursuant to the Eleventh Amendment of the United States Constitution. Defendants admit remainder. The remainder of this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

3. Defendants admit that Defendant Prentice is and was at all relevant times a commissioned officer of the State Patrol. The remainder of this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

4. Defendants admit that Sergeant Justin Maier is and was all relevant times a supervisory officer to the State Patrol. The remainder of this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

5. Defendant Chief John R. Batiste is an improper party to this litigation as he is immune from suit under the Eleventh Amendment of the United States Constitution. The remainder of this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

## III. JURISDICTION AND VENUE

6. Admit.

7. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

8. Admit.

9. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

DEFENDANTS' ANSWER TO PLAINTIFF'S
AMEDNED COMPLAINT FOR DAMAGES
No. 3:25-cv-05851-DGE

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

## IV. FACTUAL ALLEGATION

**A.    The Traffic Stop and Detention**

10. Defendants lack information to affirm or deny this allegation and therefore deny same.

11. Admit.

12. Admit.

13. Admit.

14. Admit that Plaintiff refused to present a driver's license. Defendant Prentice recalls Plaintiff saying something along these lines but does not recall specifics. For this reason, Defendant Prentice denies same.

15. Defendant Prentice admits to requiring Plaintiff to be placed in handcuffs for approximately 30 minutes while back up arrived. Defendant Prentice was on a motorcycle and did not put Plaintiff in the back of his patrol vehicle. Defendants lack information to affirm or deny this allegation and therefore deny same.

16. Defendants admit that Plaintiff was read her Miranda rights. Defendants lack sufficient information or memory to affirm or deny this allegation and therefore deny same.

17. Admit.

18. Defendants admit that no member of the public report an injury, collision or make a complaint to Defendant Prentice Defendants lack information to affirm or deny this allegation and therefore deny same.

19. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

20. Admit that Defendant Batiste was the Chief at all relevant times. Deny the remainder of the accusations.

21. Admit that Defendant Maier was the supervisor of Defendant Prentice. Deny the remainder of the allegations as legal conclusions to which no response is required.

DEFENDANTS' ANSWER TO PLAINTIFF'S
AMEDNED COMPLAINT FOR DAMAGES
No. 3:25-cv-05851-DGE

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

22. Deny that private property was taken. Admit that the stop was valid.

23. Defendants do not understand what Plaintiff means in this regard, the stop was valid therefore Defendants deny same.

24. Admit.

25. Defendants lack sufficient knowledge or information to respond to the allegations in this paragraph and therefore deny same.

26. Deny.

**B.  Unlawful Search and Seizure**

27. Admit.

28. Admit.

29. Admit.

30. Deny. Plaintiff's coin was returned to her.

31. Deny. Plaintiff consented to her car being searched.

32. Admit.

33. Admit. The search was conducted with consent of Plaintiff.

34. No response is required with regard to Plaintiff's damages. Defendants admit her belongings were returned. Defendants deny remainder.

35. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

**C.  Administrative Denial Without Due Process**

36. Deny that State has consented to be sued in federal court or has waived its sovereign immunity to be sued in federal court in this matter.

37. Defendants admit that a tort claim was filed.

38. Admit.

39. Admit.

40. Deny.

DEFENDANTS' ANSWER TO PLAINTIFF'S
AMEDNED COMPLAINT FOR DAMAGES
No. 3:25-cv-05851-DGE

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

41. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

D. **Internal Affairs Finding**

42. Admit.

43. Admit.

44. Admit.

45. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

E. **Pattern and Practice**

46. Deny.

47. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

48. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

V. **CAUSES OF ACTION**

**COUNT I – UNLAWFUL SEIZURE OF PERSON AND PROPERTY**

49. Defendants reallege and incorporates all prior answers as though they were set forth fully herein.

50. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

51. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same. Defendants admit that Plaintiff was stopped, detained, and placed in handcuffs.

52. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

53. Admit. By way of further answer, all Plaintiff's property was returned to her.

DEFENDANTS' ANSWER TO PLAINTIFF'S AMEDNED COMPLAINT FOR DAMAGES
No. 3:25-cv-05851-DGE

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

54. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

55. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

56. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

57. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

58. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

**COUNT II – PROCEDURAL DUE PROCESS (FOURTEENTH AMENDMENT)**

59. Defendants reallege and incorporates all prior answers as though they were set forth fully herein.

60. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

61. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

62. Defendants admit Plaintiff submitted a tort claim. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

63. Admit.

64. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

65. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

DEFENDANTS' ANSWER TO PLAINTIFF'S AMEDNED COMPLAINT FOR DAMAGES
No. 3:25-cv-05851-DGE

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

66. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same

67. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same. It also contains allegations of injury to which no response is required.

**COUNT III – MUNICIPAL/OFFICIAL-CAPACITY LIABILITY (MONELL)**

68. Defendants reallege and incorporates all prior answers as though they were set forth fully herein.

69. Admit WSP is a law enforcement agency. Defendant Batiste is the Chief. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same

70. Deny. Defendants further deny subparts I-IV.

71. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same. The remainder of this paragraph is denied.

72. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same

73. Deny.

74. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same

**COUNT IV – FALSE ARREST AND FALSE IMPREISONMENT**

75. Defendants reallege and incorporates all prior answers as though they were set forth fully herein.

76. Deny that she was placed in Defendant Prentice patrol car. He was on a motorcycle. Admit the remainder.

77. Admit.

DEFENDANTS' ANSWER TO PLAINTIFF'S AMEDNED COMPLAINT FOR DAMAGES
No. 3:25-cv-05851-DGE

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

78. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same

79. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same

80. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same

81. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same

**COUNT V – NEGLIGENCE**

82. Defendants reallege and incorporates all prior answers as though they were set forth fully herein.

83. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same Defendants further deny all subparts I-III.

84. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same

85. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same

86. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same

87. This paragraph contains allegations of damages to which no response is required. To the extent a response is required, Defendants deny same.

**COUNT VI – CONVERSION AND TRESPASS TO CHATTELS**

88. Defendants reallege and incorporates all prior answers as though they were set forth fully herein.

DEFENDANTS' ANSWER TO PLAINTIFF'S AMEDNED COMPLAINT FOR DAMAGES
No. 3:25-cv-05851-DGE

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

89. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same

90. Admit. Defendants further state that property was returned.

91. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same

92. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same

93. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same

94. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same

## COUNT VII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

95. Defendants reallege and incorporates all prior answers as though they were set forth fully herein.

96. Deny.

97. Allegations in this paragraph relate to damages to which no response is required. To the extent a response is required, Defendants deny same.

98. Allegations in this paragraph relate to damages to which no response is required. To the extent a response is required, Defendants deny same.

99. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same

100. Allegations in this paragraph relate to damages to which no response is required. To the extent a response is required, Defendants deny same.

## COUNT VIII – DECLARATORY RELIEF

101. Defendants reallege and incorporates all prior answers as though they were set forth fully herein.

DEFENDANTS' ANSWER TO PLAINTIFF'S
AMEDNED COMPLAINT FOR DAMAGES
No. 3:25-cv-05851-DGE

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

102. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

103. Allegations in this paragraph relate to damages to which no response is required. To the extent a response is required, Defendants deny same.

## VI.   PRAYER OF RELIEF

104. Paragraph 104 and all of its subparts Plaintiff's Amended Complaint constitute a request for relief to which no response is required. To the extent any further response is required, Defendants deny the same. Defendants expressly deny that Plaintiff is entitled to judgment, or any relief requested in her Complaint

## VII.   ALLEGATIONS NOT EXPRESSLY ADMITTED ARE DENIED

Multiple allegations were imbedded in most of the paragraphs of Plaintiff's Complaint, and, indeed, in many of the individual sentences in the paragraphs of that document. While the State has made every effort to address each allegation, the State is aware it may be possible to interpret that a particular allegation was neither admitted nor denied in this Answer. Accordingly, in addition to the admissions and denials stated herein, the State denies any allegation in Plaintiff's Complaint that has not been expressly admitted or denied.

## VIII.   AFFIRMATIVE DEFENSES

By Way of FURTHER ANSWER and FIRST AFFIRMATIVE DEFENSE, defendant alleges

1. SERVICE OF PROCESS

that the summons and complaint were never properly served upon the defendant [or that the process served was insufficient.]

2. EXHAUSTION OF ADMINISTRATIVE REMEDIES

that plaintiff has failed to exhaust administrative remedies or plaintiff's remedy is administrative rather than judicial and therefore the action will not lie.

3. INDISPENSABLE PARTY

DEFENDANTS' ANSWER TO PLAINTIFF'S AMEDNED COMPLAINT FOR DAMAGES
No. 3:25-cv-05851-DGE

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

that plaintiff has failed to join an indispensable party and therefore the action will not lie.

4. COMPARATIVE FAULT

that the injuries and damages, if any, claimed by the plaintiff(s) were proximately caused or contributed to by the fault of plaintiff(s) as defined by RCW 4.22.015.

5. DISCRETIONARY IMMUNITY

that all actions of the defendant, State of Washington, herein alleged as negligence, manifest a reasonable exercise of judgment and discretion by authorized public officials made in the exercise of governmental authority entrusted to them by law and are neither tortious nor actionable.

6. ASSUMPTION OF RISK

that the injuries and damages, if any, claimed by the plaintiff(s) herein, arise out of a condition of which plaintiff(s)/decedent(s) had knowledge and to which plaintiff(s)/decedent(s) voluntarily subjected himself/herself/themselves.

7. FAILURE TO STATE A CLAIM

that the plaintiff has failed to state a claim upon which relief may be granted.

8. PROVOCATION

that if the plaintiff(s) sustained any injury or damage, the same was provoked by the conduct of the plaintiff.

9. GOOD FAITH

that the defendant at all times acted in good faith in the performance of its duties and is therefore immune from suit for the matters charged in plaintiff's complaint.

10. AFTER ACQUIRED EVIDENCE

that the damages claimed by the plaintiff(s) are limited by the doctrine of after acquired evidence. (Note on use: *See Jenson v. North Valley Hosp.*, 93 Wn. App. 892 (1999)).

11. MITIGATION OF DAMAGES

that if the plaintiff(s) suffered any damages, recovery therefore is barred by plaintiff's failure to mitigate said damages.

DEFENDANTS' ANSWER TO PLAINTIFF'S AMEDNED COMPLAINT FOR DAMAGES
No. 3:25-cv-05851-DGE

11

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

12. SETOFF

that the defendant is entitled to an offset from any awards to plaintiff(s) herein and/or recovery of back monies paid to plaintiff(s).

13. IMMUNITY

that the defendant is immune from suit for the matters charged in plaintiff's complaint.

14. ELEVENTH AMENDMENT IMMUNITY

that the defendant State of Washington, its agencies and agents, are not subject to civil suit for damages under the Eleventh Amendment of the Constitution of the United States.

15. ABSOLUTE IMMUNITY

that the claims against the defendant are barred by the doctrine(s) of absolute (quasi-judicial and/or quasi-prosecutorial) immunity.

16. QUALIFIED IMMUNITY

that the claims alleged under 42 U.S.C. § 1983 against the state employees are barred by the doctrine of qualified immunity. (Note on use: *See Saucier v. Katz*, 533 U.S. 194 (2001)).

17. IMPAIRMENT

that this action is barred due to the impairment of plaintiff(s) as provided by RCW 5.40.060.

## IX. RESERVATION OF RIGHTS

Defendants reserve the right to supplement, supplant, or strike these affirmative defenses as information regarding the nature of Plaintiff's claim becomes available through discovery.

//
//
//
//
//
//
//

DEFENDANTS' ANSWER TO PLAINTIFF'S AMEDNED COMPLAINT FOR DAMAGES
No. 3:25-cv-05851-DGE

12

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

WHEREFORE, Defendants pray that Plaintiff's Amended Complaint be dismissed with prejudice and that Plaintiff take nothing by his Complaint and that the State be allowed its costs and reasonable attorney fees herein.

DATED this 29th day of December, 2025.

NICHOLAS W. BROWN
Attorney General

*s/ Johnna S. Craig*
JOHNNA S. CRAIG, WSBA No. 35559
Assistant Attorney General
Attorney for Defendant State of Washington
P.O. Box 40126
Olympia, WA 98504-0126
Telephone: 360-586-6300
Johnna.Craig@atg.wa.gov

DEFENDANTS' ANSWER TO PLAINTIFF'S AMEDNED COMPLAINT FOR DAMAGES
No. 3:25-cv-05851-DGE

13

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

# CERTIFICATE OF SERVICE

I declare that I caused a copy of this document to be served on all parties or their counsel of record on the date below as follows:

☒ Electronic Filing via Clerk of the Court using the CM/ECF Filing System

☒ Unites States Postal Service:

Victoria Diane McCandlish
2700 Caples Avenue Suite 2441
Vancouver, WA 98661

I declare under penalty of perjury, under the laws of the State of Washington, that the foregoing is true and correct.

DATED this 26th day of December 2025, at Olympia, Washington.

NICHOLAS W. BROWN
Attorney General

*s/ Johnna S. Craig*
JOHNNA S. CRAIG, WSBA No. 35559
Assistant Attorney General

DEFENDANTS' ANSWER TO PLAINTIFF'S AMEDNED COMPLAINT FOR DAMAGES
No. 3:25-cv-05851-DGE

14

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300