The Honorable David G. Estudillo

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

VICTORIA DIANE MCCANDLISH,

                 Plaintiff,

v.

WASHINGTON STATE PATROL, a
Washington state agency;
OFFICER CHAD PRENTICE #0567, in
his individual capacity;
SERGEANT JUSTIN MAIER, in his
individual capacity;
CHIEF JOHN R. BATISTE, in his
individual capacity.

                 Defendants.

NO. 3:25-cv-05851-DGE

JOINT STATUS REPORT

Plaintiff Victoria Diane McCandlish, and Defendants Officer Chad Prentice, Sergeant Justin Maier, Chief John R. Batiste, by and through its undersigned counsel, provides the following report in response to the Court's Order Regarding Joint Status Report (the "Order") (Dkt. No. 29). Pursuant to the Order, the parties were directed to submit to the Court a combined Joint Status Report no later than May 20, 2026.

//

//

JOINT STATUS REPORT
No. 3:25-cv-05851-DGE

1

## 1.    Statement of Nature and Complexity of Case

### i.    Plaintiff's Statement

This action arises from a single discrete encounter: an approximately thirty-minute roadside detention conducted by Defendant Trooper Chad Prentice on May 9, 2025, in Vancouver, Washington. Within the first ten minutes of the stop, Plaintiff was handcuffed, searched, and her personal property — including her vehicle keys and a silver dollar coin — was taken without a warrant. Plaintiff was then detained in the back of a patrol vehicle for approximately twenty additional minutes without arrest. Plaintiff alleges that the seizure of property occurred without lawful process and that her vehicle keys were not returned directly to her. The Washington State Patrol Office of Professional Standards has issued a sustained finding by Capt. Pete T. Stock, dated September 5, 2025, that Trooper Prentice's conduct on this occasion was contrary to department policy. Washington State Risk Management has separately reviewed the incident. Plaintiff brings claims under 42 U.S.C. § 1983 (Fourth and Fourteenth Amendments) and pendent Washington common-law tort claims (false arrest / imprisonment, negligence, conversion, NIED), with declaratory relief sought under 28 U.S.C. §§ 2201–2202. The case presents three discrete factual issues: (1) the justification for handcuffing during a non-arrest investigatory stop; (2) the permissible duration of roadside detention without arrest; and (3) the authority for warrantless seizure of personal property.

### ii.    Defendants' Statement

Defendants Officer Chad Prentice, Sergeant Justin Maier, Chief John R. Batiste ("Defendants") contend that Plaintiff was stopped lawfully because she was driving a vehicle with expired vehicle registration. Plaintiff refused to follow lawful directions given to her by Defendant Prentice, who was at the time on a motorcycle. Believing they were unsafe, once she exited her vehicle and would not return to it, Defendant Prentice put her in restraints and called for backup. She was searched incident to being placed in restraints. She was ultimately cited.

//

//

JOINT STATUS REPORT
No. 3:25-cv-05851-DGE

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

### iii.    Complexity of Case

The parties agree that this is not a "complex" case in that it does not require special case management procedures.

### 2.    Proposed Deadline for Joining Additional Parties

The parties agree to July 31, 2026, as the deadline for joining additional parties.

### 3.    Consent to Use of Magistrate

The parties do not consent to the use of a Magistrate in this matter.

### 4.    Discovery Plan

(A)    **Initial Disclosures:** The parties will exchange initial disclosures by May 13, 2026.

(B)    **Subjects, timing, and potential phasing of discovery**: The alleged warrantless search and seizure of personal property, the alleged handcuffing during a non-arrest investigatory stop, and the permissible duration of roadside detention by the named Defendants; (ii) Body-worn camera ("bodycam") and dash-camera ("dashcam") footage of the stop; (iii) Computer-aided dispatch (CAD) logs, dispatch audio, and event-timeline records; (iv) Mobile Data Terminal (MDT) / in-car system logs reflecting officer activity during the stop; (v) Washington State Patrol policies, procedures, and training governing (a) handcuffing during investigatory stops, (b) the permissible duration of roadside detention absent arrest, and (c) warrantless search and seizure of personal property; (vi) Documentation and procedures regarding seized property and the chain-of-custody of the items taken from Plaintiff; (vii) The Office of Professional Standards investigation and sustained finding by Capt. Pete T. Stock dated September 5, 2025, including the supporting investigative file; (viii) Risk Management's review of the incident, including any written acknowledgment or admission of conduct outside policy; (ix) Supervisor review and command-level response, including communications by and between Sgt. Maier, Chief Batiste, and Capt. Stock concerning the stop; and (x) Evidence of damages, including emotional distress and Plaintiff's ongoing condition.

JOINT STATUS REPORT
No. 3:25-cv-05851-DGE

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

Defendants' anticipated discovery includes copies of Plaintiff's driver's license, registration, both current and the one in effect at the time of the May 9, 2025 stop. Defendants will be seeking all records in Plaintiff's possession on the day she was pulled over and a copy of her passport card.

Discovery should take no more than six months.

**Timing**: Plaintiff proposes disclosure of affirmative experts due by **October 30, 2026**; disclosure of rebuttal experts due by **December 15, 2026**, and discovery cutoff will be **March 1, 2027.**

**Phasing**: The parties do not agree to phased discovery.

(C)    **Electronically Stored Information (ESI):** The parties do not anticipate any issues regarding the discovery of electronically stored information.

(D)    **Privilege Issues**: Plaintiff will receive privilege logs with discovery responses.

(E)    **Proposed Limitations on Discovery**: The parties agree to the following limitations on discovery: Interrogatories: 25 per side; depositions: up to 5 per side; each deposition: up to 7 hours; location: Olympia, Vancouver, or remote by agreement. No limitations on Requests for Admissions.

(F)    **Need for Discovery-Related Orders**: The parties agree to (i) a protective order for certain law enforcement records and personally identifiable information of Plaintiff, including but not limited to, passport card, driver's license, registration, and any other documents otherwise considered to contain personally identifiable information.

5.    **LCR 26(f)(1) Plan**

(A)    **Prompt case resolution**: Plaintiff anticipates readiness for trial by **July 2027**.

(B)    **Alternative dispute resolution:** The parties anticipate conducting mediation at the close of discovery.

(C)    **Related cases**: There are presently no related cases.

JOINT STATUS REPORT
No. 3:25-cv-05851-DGE

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

(D)    **Discovery management**: The parties agree discovery will be exchanged electronically via email, secure file transfer, or any other pre-agreed method. The parties will enter into an electronic service agreement containing the appropriate individuals to be served, email addresses, and physical addresses.

(E)    **Anticipated discovery sought**: Plaintiff anticipates: a Fed. R. Civ. P. 30(b)(6) deposition of Washington State Patrol on handcuffing policies during investigatory stops, permissible detention duration, authority for warrantless seizure of personal property, and documentation and handling of seized property; depositions of Officer Chad Prentice, Sergeant Justin Maier, and Chief John R. Batiste; deposition(s) of a Risk Management representative regarding findings of conduct outside policy; production of the discovery items referenced in § 4(B); and the items referenced in §§ 4(B)(vii)–(ix) above (OPS investigation, Risk Management review, supervisor communications).

Defendants intend to seek discovery of the documentation Plaintiff had on her at the time of the May 9, 2025, stop, any documentation she has received as a result of public records requests pertaining to this matter, Plaintiff's passport card, name change documentation, registration information, any other discovery that may become necessary as this matter continues.

(F)    **Phasing of motions**: The parties agree dispositive motions should be filed after substantial completion of discovery.

(G)    **Preservation of discoverable information**: Defendants have operated under a legal hold notice from the beginning of this case. The hold has directed them to preserve any relevant or potentially relevant documents. The parties shall hold all relevant information on this matter and shall not destroy or withhold relevant information.

(H)    **Privilege issues**. Certain information regarding Defendants may be withheld if it pertains to personally identifiable information, or other such privileged types of data.

//

JOINT STATUS REPORT
No. 3:25-cv-05851-DGE

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

(I)    **Model Protocol for Discovery of ESI:** The parties agree to use the Court's Model ESI Protocol.

(J)    **Alternatives to Model Protocol:** The parties agree there are none at this time.

**6.    The Date by Which Discovery Can Be Completed**

The parties agree discovery can be completed by **March 1, 2027**.

**7.    Bifurcation**

Bifurcation of trial is unnecessary.

**8.    Pretrial Statements and Pretrial Order**

The parties propose pretrial statements due 21 days before trial; pretrial order due 14-days before trial; consistent with the Court's standard practice and LCRs 16(e), (h), (i), (k), and 16.1. Plaintiff does not consent to dispensing with pretrial statements or the pretrial order.

**9.    Individualized Trial Program**

The parties do not intend to use the Individualized Trial Program set forth in Local Civil Rule 39.2, and ADR options set forth in LCR 39.1.

**10.    Suggestions for Shortening or Simplifying the Case**

The parties will work cooperatively to identify any opportunities to streamline this case.

**11.    The Date Case Will Be Ready for Trial**

The parties agree the case can be ready for trial by **July 2027**.

**12.    Trial by Jury or Non-Jury**

Plaintiff demands a jury trial.

**13.    Number of Trial Days**

The parties agree the estimated length of trial is 4-5 days.

//

//

//

//

JOINT STATUS REPORT
No. 3:25-cv-05851-DGE

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

14.    **Names, Addresses and Telephone Numbers of all Trial Counsel**

Plaintiff:

Victoria Diane McCandlish
2700 Caples Avenue #2441
Vancouver, WA 98661
(360) 634-2299
grantor1drop@pm.me
vicki@heacocks.com

Attorney for Defendants:

Johnna S. Craig, WSBA No. 35559
ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
Tel: (360) 586-6300
Johnna.craig@atg.wa.gov

15.    **Unavailable Trial Dates for Trial Counsel**

Both parties do not have any conflicts at this time.

16.    **If applicable Reasoning for Delay of FRCP 26(f) and Proposed Schedule**

N/A

17.    **Whether Any Party Wishes a Pretrial FRCP 16 Conference**

A scheduling conference is set for May 29, 2026, at 9:00 AM, via Zoom.

18.    **Date Corporate Disclosure Statement was Filed Pursuant to FRCP 7.1 and LCR 7.1.**

The parties have not filed corporate disclosure statements in this matter.

DATED this 20th day of May, 2026.

Plaintiff:

_VICTORIA DIANE MCCANDLISH_
2700 Caples Avenue #2441
Vancouver, WA 98661
(360) 634-2299
grantor1drop@pm.me
vicki@heacocks.com

Attorney for Defendants:

_s/Johnna S. Craig_
JOHNNA S. CRAIG, WSBA No. 35559
Attorney General Of Washington
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
Tel: (360) 586-6300
Johnna.craig@atg.wa.gov

JOINT STATUS REPORT
No. 3:25-cv-05851-DGE

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

## CERTIFICATE OF SERVICE

I declare that I caused a copy of this document to be served on all parties or their counsel of record on the date below as follows:

☐ Unites States Postal Service

☒ Electronic Filing via Clerk of the Court using the CM/ECF Filing System

Victoria Diane McCandlish
2700 Caples Avenue Suite 2441
Vancouver, WA 98661
grantor1drop@proton.me

I declare under penalty of perjury, under the laws of the State of Washington, that the foregoing is true and correct.

DATED this 20th day of May 2026, at Olympia, Washington.

NICHOLAS W. BROWN
Attorney General

s/ Johnna S. Craig
JOHNNA S. CRAIG, WSBA No. 35559
Assistant Attorney General

JOINT STATUS REPORT
No. 3:25-cv-05851-DGE

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
PO Box 40126
Olympia, WA 98504-0126
360-586-6300